IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEL A. BOOKER,<br><br>    Petitioner,<br><br>vs.<br><br>JOSEPH SMITH, Superintendent,<br>Shawangunk Correctional Facility,[1]<br><br>    Respondent. | No. 9:17-cv-01083-JKS<br><br>MEMORANDUM DECISION |

  Jamel A. Booker, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Booker is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Shawangunk Correctional Facility. Respondent has answered the Petition, and Booker has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

  On November 20, 2012, Booker was charged with first-degree attempted murder, aggravated assault upon a police officer, first-degree assault, fourth-degree criminal possession of stolen property, two counts of second-degree criminal possession of a weapon, first-degree criminal use of a firearm, and tampering with physical evidence. On direct appeal of his conviction, the Appellate Division of the New York Supreme Court laid out the following facts underlying the charges against Booker and his case:

---

  [1] Joseph Smith, Superintendent, Shawangunk Correctional Facility, is substituted for J. Noeth, Superintendent, Attica Correctional Facility. FED. R. CIV. P. 25(c).

> Based on a report of a stolen vehicle, police attempted to stop a car driven by [Booker] in the City of Ithaca, Tompkins County at about 10:50 p.m. on October 11, 2012. [Booker] sped away with the police in pursuit and, when the car finally stopped, [Booker] jumped out and fled on foot into nearby woods. Two members of the Ithaca Police Department ran after [Booker]. One officer ordered [Booker] to the ground while holding his taser. From a distance of about seven feet, [Booker] fired a single shot from a handgun, which struck that officer in the chest, seriously injuring him. The next day, after being arrested, [Booker] was interviewed twice by the police and, during the second interview, he acknowledged shooting at the officer. He was indicted for numerous crimes including, among others, attempted murder in the first degree, aggravated assault upon a police officer or a peace officer, assault in the first degree and criminal use of a firearm in the first degree. The jury was unable to reach a verdict on the top count of attempted murder in the first degree, but it found [Booker] guilty of the remaining counts. County Court sentenced him to an aggregate prison term of 25 years with five years of postrelease supervision.

*People v. Booker*, 35 N.Y.S.3d 565, 566-67 (N.Y. App. Div. 2016).

Through counsel, Booker appealed his conviction, arguing that: 1) the trial court erred in denying defense counsel's request for an adjournment for the purposes of retaining a ballistics expert; 2) the jury's guilty verdicts with respect to the aggravated assault upon a police officer and first-degree assault charges were repugnant to its inability to reach a verdict on the first-degree attempted murder charge; 3) the trial court should have suppressed the statements he made during an interview with Investigator Barksdale; and 4) his sentence was harsh and excessive. Booker also filed a *pro se* supplemental brief in which he argued that the court erred in refusing to instruct the jury that he was justified in shooting the officer. The Appellate Division unanimously affirmed the judgment against Booker in a reasoned opinion issued on July 14, 2016. *Booker*, 35 N.Y.S.3d at 569. Booker filed a counseled application for leave to appeal to the New York Court of Appeals in which he stated that he was submitting both his counseled Appellate Division brief and his *pro se* supplemental brief but did not otherwise specify any issue for review. The Court of Appeals summarily denied the leave application on October 27, 2016. His conviction became final 90 days later, on January 25, 2017, the conclusion of the period during which Booker could have sought

2

certiorari review in the United States Supreme Court. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Booker timely filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court on September 25, 2017. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Booker argues that his constitutional rights were violated when the trial court rejected his request for a justification instruction.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A.  Exhaustion

As an initial matter, it does not appear that Booker has properly exhausted his claim before the New York state courts. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). To be deemed exhausted, a claim must have been presented to the highest state court that may consider the issue presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New York, to invoke one complete round of the State's established appellate process, a criminal defendant must first appeal his or her conviction to the Appellate Division and then seek further review by applying to the Court of Appeals for leave to appeal. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005).

Although Booker raised the claim in his supplemental brief on direct appeal and appellate counsel's letter indicates that the *pro se* supplemental brief was enclosed in the leave application, appellate counsel did not mention the issue asserted in Booker's supplemental *pro se* brief, and Booker did not file a *pro se* leave application. It therefore does not appear that Booker "fairly presented" those claims to the New York Court of Appeals. *See Jordan v. Lefevre*, 206 F.3d 196, 198-99 (2d Cir. 2000) (finding that appellate counsel's "arguing one claim in his letter while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction"). Accordingly, Booker's claim is not exhausted and is subject to dismissal on that basis.

B.  Merits

In any event, even if Booker had fully exhausted his claim, he would not be entitled to relief on it. The propriety of a state court's jury instructions is ordinarily a matter of state law and does not raise a federal constitutional questions. *See Cupp v. Naughten*, 414 U.S. 141, 146 (1973); *Estelle*, 502 U.S. at 68. A challenged instruction violates the federal constitution if there is a "reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence." *Boyde v. California*, 494 U.S. 370, 380 (1990). The question is whether the instruction, when read in the context of the jury charges as a whole, is sufficiently erroneous to violate the Fourteenth Amendment. *Francis v. Franklin*, 471 U.S. 307, 309 (1985). This Court must also assume in the absence of evidence to the contrary that the jury followed those instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions"); *see Francis*, 471 U.S. at 323-24 & n.9 (discussing the subject in depth).

It is well established that not only must the challenged instruction be erroneous, it must also violate some constitutional right, and it may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial record. *Estelle*, 502 U.S. at 72. This Court must also bear in mind that the Supreme Court has admonished that the inquiry is whether there is a reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution and that the category of infractions that violate "fundamental fairness" is very narrowly drawn. *Id.* at 72-73. "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process clause has limited operation." *Id*. Where the defect is the failure to give an instruction, the burden is even heavier because an omitted or incomplete instruction is less likely

6

to be prejudicial than an instruction that misstates the law. *See Henderson*, 431 U.S. at 155. In those cases, the inquiry is whether the trial court's refusal to give the requested instruction "so infected the entire trial that the resulting conviction violates due process." *See id.* at 156-57; *Estelle*, 502 U.S. at 72.

The New York Penal Law does not include lack of justification as an element of the offense with respect to the various degrees of homicide it defines. Rather, New York law recognizes a "defense of justification (Penal Law art. 35) [that] affirmatively permits the use of force under certain circumstances." *People v. McManus*, 496 N.E.2d 202, 204 (N.Y. 1986). A defendant's use of deadly physical force is justified if: (1) the defendant subjectively believed that deadly physical force was necessary to defend himself, and that belief was objectively reasonable under the circumstances; (2) the defendant retreated from the encounter if he knew that he was able to do so with complete safety; and (3) the defendant was not the initial aggressor. *See* N.Y. PENAL LAW § 35.15; *see also Jackson v. Edwards*, 404 F.3d 612, 623 (2d Cir. 2005). Under New York law, a defendant is entitled to a justification charge if there is a reasonable view of the evidence, viewed favorably to the defendant, under which such a defense is merited. *See People v. Padgett*, 468 N.Y.S.2d 854, 856 (1983); *Jackson*, 404 F.3d at 622-23 (citing cases).

Applying these criteria to Booker's case, the Court cannot find unreasonable the Appellate Division's determination that "there is no reasonable view of the evidence that [Booker] was justified in using deadly force against the police." *Booker*, 35 N.Y.S.3d at 569. As the Appellate Division reasoned:

> [Booker] contends that he feared for his life while being pursued by police, who allegedly yelled at him to stop or they would shoot. Even assuming that the officers shouted these commands at [Booker], the record makes clear that [Booker] knew that he was being

7

chased by police and he had the option of avoiding any harm by adhering to their direction to stop.

*Id.* at 568.

This determination is both reasonable and fully supported by the record. Accordingly Booker is not entitled to federal habeas relief.

V. CONCLUSION

Booker is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: February 28, 2019.

                                                /s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                Senior United States District Judge